a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TONY GARNELL PENNYWELL, Petitioner | CIVIL ACTION NO. 1:19-CV-1425-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Tony Garnell Pennywell (#612994) ("Pennywell"). Pennywell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Pennywell challenges his conviction in the Ninth Judicial District Court, Rapides Parish.

Because Pennywell's § 2254 Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Pennywell was convicted of two counts of aggravated rape and three counts of aggravated incest. State v. Pennywell, 2013-1376 (La.App. 3 Cir. 5/7/14); 139 So.3d 587, 589, writ not considered sub nom. State ex rel. Pennywell v. State, 2015-0745 (La. 3/14/16); 189 So.3d 1074. He was sentenced to multiple life sentences. Id.

On appeal, Pennywell argued there was insufficient evidence to convict him of aggravated rape and aggravated incest. Id. The appellate court affirmed the

aggravated rape convictions and two of the three aggravated incest convictions. Id. The appellate court vacated the conviction and sentence for the remaining count of aggravated incest, and rendered a judgment of guilty of attempted aggravated incest. Id.

Pennywell alleges that he sought a writ of certiorari in the Louisiana Supreme Court on May 28, 2014 by placing a *pro se* writ application in the hands of classification Officer Darryl Lee, who signed and dated the mail slip. (Doc. 1, p. 11). Pennywell alleges that he wrote a letter to the Louisiana Supreme Court inquiring about the status of his writ application on March 27, 2015. (Doc. 1, p. 11). The Louisiana Supreme Court evidently responded that it had not received the writ application. According to Pennywell, he provided the court with a copy of a receipt proving that he gave the document to the classification officer. (Doc. 1, p. 12). Nonetheless, the Louisiana Supreme Court ruled: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct. Rule X § 5. Relator may be entitled to seek post-conviction relief pursuant to La.C.Cr.P. art. 924 et seq." State ex rel. Pennywell v. State, 2015-0745 (La. 3/14/16); 189 So.3d 1074, 1075.

Pennywell submitted an application for post-conviction relief on April 28, 2017. (Doc. 1-4, p. 53). Pennywell argued that his attorney was ineffective in failing to hire an expert witness on child sexual abuse, and failing to object to closing arguments. The trial court found the application was untimely and meritless. (Doc. 1-4, pp. 107-09). Finding no error in the trial court's ruling, the Louisiana Third Circuit Court of Appeal denied writs. (Doc. 1-4, p. 137). The Louisiana Supreme Court denied writs

because the application for post-conviction relief had not been timely filed in the trial court.  State v. Pennywell, 2018-1440 (La. 9/24/19, 1); 279 So.3d 908.

II.   **Law and Analysis**

    A.   **Pennywell's Petition (Doc. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.**

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'"  See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    B.   **Pennywell is not entitled to statutory or equitable tolling.**

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).  Federal courts may raise the one-year limitations period *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period.  Ott v. Johnson, 192 F.3d 510, 512 (5th

3

Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

The Louisiana Supreme Court determined that Pennywell's application for post-conviction relief was untimely filed under article 930.8 of the Louisiana Code of Criminal Procedure. State v. Pennywell, 2018-1440 (La. 9/24/19, 1); 279 So.3d 908. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 241, 226 (2002)). Therefore, Pennywell's application cannot be considered "properly filed," and the limitations period under the AEDPA was not tolled while the application was pending. See Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

The Louisiana Supreme Court also refused to consider Pennywell's writ application on direct review, finding that it, too, was untimely filed. According to Pennywell, the application was timely under the "mailbox rule" because Pennywell allegedly gave the writ application to Classification Officer Darryl Lee for mailing on May 28, 2014. The "prison mailbox rule" is a jurisprudentially-crafted rule that deems a pro se inmate's pleading "filed" when the inmate delivers it to the prison authorities for mailing. In Houston v. Lack, 487 U.S. 266 (1988), the United States

Supreme Court found that a notice of appeal could be deemed timely "filed" upon delivery to the prison authorities for mailing. Id. In effect, the prison mailbox rule equates the prison official with the clerk of court for purposes of determining the date of filing. Fallen v. United States, 378 U.S. 139, 144 (1964) (Stewart, J., concurring, joined by Clark, Harlan, and BRENNAN, JJ.) (observing that "in such a case the jailer is in effect the clerk of the District Court within the meaning of Rule 37").

However, the Louisiana Supreme Court determined that the mailbox rule was inapplicable, as it specifically found Pennywell's writ application untimely filed pursuant to La.S.Ct. Rule X § 5, despite Pennywell's purported evidence to the contrary. State ex rel. Pennywell v. State, 2015-0745 (La. 3/14/16); 189 So.3d 1074, 1075. Therefore, Pennywell's conviction became final for AEDPA purposes on Jun 7, 2014, 30 days after the appellate court's ruling, upon the expiration of the time for seeking review in the Louisiana Supreme Court. See 28 U.S.C. § 2244(d)(1)(A). Pennywell had one year from that date within which to timely seek habeas relief in this Court.

Although Pennywell challenges the rulings of the Louisiana Supreme Court, it would be improper for this Court to second-guess the Louisiana Supreme Court regarding its interpretation and application of article 930.8 and Rule X. See Hamm v. Deville, 15-CV-5012, 2016 WL 8578101, at *7 (E.D. La. Apr. 20, 2016), report and recommendation adopted, 2017 WL 1079253 (E.D. La. Mar. 22, 2017). "It is beyond cavil that the state courts are the final arbiters of state law." Id. (citing Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622,

629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled.")); see Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law."). Because the one-year AEDPA limitations period was not tolled while the post-conviction application was pending, Pennywell's § 2254 Petition is untimely.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so for Pennywell's Petition. See Holland v. Florida, 560 U.S. 631 (2010); Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. See Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013) (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." Id. (citing Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). For the same reason, "equitable tolling does not lend itself to bright-line rules." Id. Nonetheless,

6

certain sources of delay in filing do not create "extraordinary circumstances" warranting equitable tolling. Id. For example, "delays of the petitioner's own making do not qualify" for equitable tolling. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).

Pennywell allegedly tendered his writ application on direct review to prison officials for mailing, but he did not receive any correspondence from the Louisiana Supreme Court confirming receipt of the application, or otherwise. (Doc. 1). Almost one year went by before Pennywell inquired into the status of his application. (Doc. 1). Thus, there is no evidence that Pennywell was actively misled by the State about the cause of action or prevented in an extraordinary way from asserting his rights.

### III. Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Pennywell's § 2254 Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 4th day of December 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE